Wardlaw J.
dissenting. Parol evidence is admissible to ascertain what is comprehended in the terms of a given description referring to an extrinsic fact; but if the context of the will present no obstacle to the construing of the terms of description in their strict and most appropriate sense, evidence dehors the will is not admissible to shew that the testator used his terms of description in any peculiar or extraordinary sense.
When a subject is found answering all theterms of description used in their strict and primary import, and nothing in the will itself makes the sense of the terms doubtful, no evidence of the testator’s intention, of the unreasonableness of the construction which the primary sense of the words leads to, or of other extrinsic matter, can be admitted to adapt the terms to any other subject, by enlarging or rejecting some of them, or varying their import.
In this case, the terms of description are fully answered by the tract which the testator bought from Abney; that is, the tract which, by reference to the original grant and the boundaries, is described in the contract between the testator and Abney, made in 1797, and which was conveyed by Abney in 1807. Shall the terms of the will, thus exactly suitable to an ascertained subject, be extended so as to embrace something else, when nothing in the context suggests that the testator used his words in any other than the proper sense? If the plaintiff can succeed, he must sustain the affirmative of this proposition. His evidence consists of circumstances, *13 to shew the unreasonableness of confining the words to their proper sense, and of a hesitating and retracted declaration, which John Chapman testifies, that thirty years ago he heard the testator make concerning what Abney said nineteen years before that time. To vary the proper meaning of words upon such evidence, is to substitute our opinion of reasonableness for that which, as his will shews, the testator enter, tained, and to construe a will not according to the writing, but according to feeble proof of the meaning obtained by parol. If the will, read as a whole without any knowledge of the subject referred to, on the part of the reader, shewed a contradictory or unusual use of the words which are contained in the terms of the description—or if the evidence adduced to apply the terms of the subject, shewed that no subject exactly answered the terms, a foundation would be laid for the admission of parol evidence; not to shew intention as an independent fact, but to explain the meaning of the terms. But the words used being in themselves plain, and nothing in the context presenting an obstacle to their having their appropriate sense, it would have been of no avail if the testator had said to the scribe and witnesses of his will, “by these words I mean to include not only the land which I in fact did buy from Abney, but all which Abney shewed me, and which is included in Chapman’s plat.” How much less should the proof here adduced avail.
I think that the circuit Judge was right in holding as matter of law, that the terms did not embrace the land claimed by the plaintiff, as he would have been right in ordering a non-suit; that there was no evidence properly admissible, after a subject exactly suitable to the terms had been ascertained; and that the submission of the question, under the evidence adduced to the jury, would have been an evasion of the law which requires a will to be in writing—likely to lead to a construction, had upon proof of intention as an independent fact, and not upon an application of the terms used to the subject described.
Evans J. concurred.